UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Richard Gielata</u>

   v.                               Case No. 11-cv-442-PB

<u>Jay W. Eisenhofer, et al.</u>

<u>O R D E R</u>

     This is a lawsuit brought by a member of the class that benefitted from the settlement that I approved in the Tyco securities class action litigation.  See <u>In re Tyco Int'l, Ltd. Multidistrict Litig.</u>, 535 F. Supp. 2d 249, 266-74 (D.N.H. 2007).  The case settled for $3.2 billion and I awarded 14.5% of the settlement as fees to a group of law firms who represented the plaintiff class.

     The plaintiff seeks to represent the same class that was certified in the Tyco securities class action.  He argues that one of the law firms involved in the action, and its lead partner, are liable for breach of fiduciary duty, breach of contract, and legal malpractice because the firm failed to abide by a fee agreement with one of the named plaintiffs in the underlying action that allegedly limits the total recoverable fees in the action to 8.7% of the total class recovery.

Defendants have filed a motion to dismiss.  Although defendants have offered several arguments to support their motion, the most significant apparent flaw in plaintiff's theory of liability is that it fails to take account of the fact that I already determined when denying a Rule 60(b) motion in the underlying litigation that the fee agreement on which the current lawsuit is based would not have affected my fee award.  See Endorsed Order of Feb. 4, 2011, In re Tyco Sec. Litig., No. 02-md-1335-PB (D.N.H.).  I do not understand how plaintiff can prevail on any of his claims in light of this ruling.  Accordingly, rather than address the issues raised by defendants, I deny their motion to dismiss without prejudice (Doc. No. 63) and direct plaintiff to file a memorandum on or before April 2, 2012, showing cause as to why the complaint should not be dismissed based on the above-referenced ruling in the underlying litigation.  Defendants shall file a responsive memorandum no later than 14 days after plaintiff files its motion.

    SO ORDERED.

                                /s/Paul Barbadoro
                                Paul Barbadoro
                                United States District Judge

March 19, 2012

cc:   Thomas Cronin, Esq.

Roger Phillips, Esq.
Joseph Gielata, Esq.
Michael Carlinsky, Esq.
Sanford Weisburst, Esq.
William Chapman, Esq.